

## NUMBER 13-18-00422-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

IDEA PUBLIC SCHOOLS,                                        **Appellant,**

**v.**

SOCORRO INDEPENDENT
SCHOOL DISTRICT,                                          **Appellee.**

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

## DISSENTING MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Hinojosa
### Dissenting Memorandum Opinion by Justice Benavides

Because the majority fails to give effect to the limitations found in the Family Educational Rights and Privacy Act (FERPA) and fails to enforce the Texas Public Information Act (TPIA) as written, it erroneously allows IDEA Public Schools to withhold public records from the local school district that it may not properly withhold. For that

reason, I dissent.

"[I]t is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees." TEX. GOV'T CODE ANN. § 552.001(a). "The provisions of this chapter shall be liberally construed to implement this policy" and "in favor of granting a request for information." *Id.*

FERPA limits the disclosure of student educational records but guarantees that the records are available to minor students and their parents. *See* 20 U.S.C. § 1232g(a). A student is defined to be: "any person with respect to whom an educational agency or institution maintains education records or personally identifiable information but *does not include* a person who has not been in attendance at such agency or institution." *Id.* § 1232g(a)(6) (emphasis added).

Before the 2018 school year began, Socorro ISD sent two public information requests to IDEA seeking applicant data. IDEA responded to both by categorizing each request as implicating FERPA protected data, even though IDEA did not yet have any students because IDEA's campuses were not yet completed. IDEA responded to Socorro ISD's second request by including a statement that the TPIA excludes FERPA protected materials from its purview. IDEA further responded that the educational institution from whom the materials are sought is the sole arbiter of whether the materials are covered by FERPA and its determination is final. *See B.W.B. v. Eanes Indep. Sch. Dist.*, No. 03-16-00710-CV, 2018 WL 454783, at *8 (Tex. App.—Austin Jan. 10, 2018, no pet.) (holding that a dissatisfied records requestor may not ask the court to enforce

2

FERPA by second-guessing the school's FERPA determinations, citing 20 U.S.C. § 1232g(g)).[1] IDEA argues that because there is no private right of action under FERPA, Socorro ISD cannot compel IDEA to turn over the materials even if IDEA's determination is erroneous. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002).

While I agree that there is no private right of action for damages for a violation of FERPA, *id.*, I do not agree that IDEA's clearly overbroad reading of FERPA is wholly unreviewable. "The meaning of a statute is a legal question, which we review de novo to ascertain and give effect to the Legislature's intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *accord Med. Ctr. Pharmacy v. Mukasy*, 536 F.3d 383, 394 (5th Cir. 2008) ("There is no better or more authoritative expression of congressional intent than the statutory text.") When possible, the words chosen by legislature are the surest guide to its intent. *Entergy Gulf States, Inc.*, 282 S.W.3d at 437*; Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651–52 (Tex. 2006). When the legislature has defined the words in the statute, we are bound to follow the definition rather than the common or ordinary meaning. *See Entergy Gulf States, Inc.*, 282 S.W.3d at 437; *see also Med. Ctr. Pharmacy*, 536 F.3d at 395–96. Here, Congress defined a student to exclude persons who had not been in attendance at the school. *See* 20 U.S.C. § 1232g(a)(6); *Tarka v. Franklin*, 891 F.2d 102, 106 (5th Cir. 1989) (holding that person who was not admitted and was not "in attendance" to graduate

---

[1] The majority relies on *B.W.B. v. Eanes Indep. Sch. Dist.*, No. 03-16-00710-CV, 2018 WL 454783, at *8 (Tex. App.—Austin Jan. 10, 2018, no pet.), to hold we have no jurisdiction over the interpretation of FERPA. In that case, the dispute between a parent and the high school was over the school's allegedly unauthorized disclosure of some student records and its withholding of other student records requested by the parents. *Id.* There was no dispute that the student was in attendance at the educational institution and student records were at issue. Here, IDEA admitted to the trial court that no students had been in attendance at IDEA at the time records were requested.

school was not a student).

The TPIA is enforceable by Texas courts. *See* TEX. GOV'T CODE ANN. §§ 552.321, 552.3215. Based on the definitional limitations of FERPA which excludes from its definition of student those persons who have not been in attendance, I would hold that this Court has jurisdiction to enforce the TPIA and require production of materials that were not protected by FERPA at the time they were requested and at the time FERPA was invoked to protect them. Because the majority does not, I respectfully dissent.

GINA M. BENAVIDES
Justice

Delivered and filed the
9th day of January, 2020.

4